UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| PATRICK MERRITT,<br><br>        Plaintiff,<br><br>vs.<br><br>FIRST CONTACT LLC AND GC SERVICES, LP,<br><br>        Defendants. | Case No. 1:21-cv-2391<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. TCPA, 47 U.S.C. § 227<br>2. FDCPA 15 U.S.C. § 1692 *et. seq.*<br>3. Invasion of Privacy – Intrusion Upon Seclusion |

**COMPLAINT FOR DAMAGES**

Plaintiff, Patrick Merritt ("Plaintiff"), through his attorneys, alleges the following against First Contact LLC ("First Contact") and GC Services, LP ("GC") (collectively "Defendants"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692. The FDCPA is a federal statute that

broadly prohibits persons from engaging in abusive and/or deceptive debt collection practices.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

6. Defendants transact business here; personal jurisdiction is established.

## PARTIES

7. Plaintiff is a natural person residing in the State of Colorado.

8. Defendant First Contact is a debt collector with its principal place of business in St. Petersburg, Florida 33701. First Contact can be served with process through its registered agent, CT Corporation System Inc., located at 1010 Dale St N, Saint Paul, Minnesota 55117.

9. Defendant GC is a debt collector with its principal place of business located

in Houston, Texas. Defendant can be served with process at its Registered Agent, C T Corporation System, 701 S Carson St., STE 200, Carson City, NV, 89701.

10. Upon information and belief, Defendants are vendors who place calls for Credit One Bank, N.A. ("Credit One") posing as if they are actually Credit One agents.

11. Upon information and belief, Defendants are call center debt collectors who act independently from Credit One Bank using their own agents and equipment to contact Plaintiff. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PROCEDURAL HISTORY

13. On or about May 19, 2020, Plaintiff filed a complaint in the United States District Court in the District of Nevada against Does 1-5 alleging violations of TCPA, FDCPA, and an Invasion of Privacy – Intrusion Upon Seclusion claim.

14. Plaintiff named Does 1-5 because Plaintiff's counsel has learned from prior matters that Credit One hires third-party vendors for debt collection purposes. These vendors are the entities that typically place calls to consumers similarly situated as Plaintiff.

15. On or about July 13, 2020, the court dismissed Plaintiff's complaint *sua sponte* due to the finding that the court and circuit "expressly disapproved" of naming fictitious defendants.

16. On or about July 20, 2020, Plaintiff filed a new complaint in the United States District Court in the District of Nevada against non-party Credit One and Does 1-5 alleging violations of TCPA, FDCPA, and an Invasion of Privacy – Intrusion Upon Seclusion claim.

17. Plaintiff named Credit One with the intention of conducting limited discovery to identify the actual parties responsible for placing the collection calls to his cellular telephone.

18. On or about August 13, 2020, Credit One moved to dismiss Plaintiff's claim and compel arbitration.

19. On or about September 28, 2021, the court granted Credit One's motion and compelled Plaintiff to arbitration.

20. During this entire process, Plaintiff's counsel informally sought the names of the entities responsible for placing the calls to Plaintiff's cell phone, but Credit One refused to identify the entities absent a court or arbitrator compelling them to do so.

21. On or about October 13, 2020, Plaintiff initiated arbitration proceedings against non-party Credit One. Plaintiff's arbitration demand explicitly denied that the claims against the non-party Does were arbitrable and the purpose of filing the

arbitration demand was to learn the identities of the parties responsible for placing the calls to Plaintiff.

22. On or about December 29, 2020, Plaintiff and Credit One agreed to stay the arbitration proceedings pending the ruling from the Supreme Court in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163.

23. On or about May 12, 2021, and after the Supreme Court's ruling in *Facebook*, the stay of arbitration proceeding was lifted.

24. On or about July 23, 2020, Credit One provided their initial document exchange, which identified the Defendants as the parties responsible for making calls to Plaintiff during the relevant time period.

## FACTUAL ALLEGATIONS

25. Defendants are attempting to collect an alleged debt from Plaintiff on behalf of Credit One.

26. Upon information and belief, Defendants regularly collect debt on behalf of original creditors; sometimes identifying themselves by their true identity and other times using the identity of the creditor that hired them.

27. In all instances, Defendants are using their own equipment and have control over their operations.

28. Upon information and belief, Defendants have a vendor agreement with non-party Credit One that allows them to collect debt on their behalf.

29.     In or around May of 2019, Defendants began placing calls to Plaintiff's cellular phone, ending in 0607, in an attempt to collect an alleged debt.

30.     The calls placed by Defendants originated from the following number(s): 877-825-3242, 844-545-3441, 410-600-3235, 844-465-7477, 844-647-4857, 844-545-3441, 844-465-7477, 844-371-1203, 844-545-3439, 844-371-1205, 844-647-4859, 844-371-8095, 866-515-5711, 844-371-1197, 844-465-7481, 844-545-3438, 720-583-7918, 866-649-1346, 877-837-0616, 470-233-7094, 866-431-2304, 866-255-4452, 614-347-0280, 612-547-7112, 720-697-2416, 720-696-8458, 877-493-4846, 719-733-6988, 970-478-6563, 970-478-6522, 860-509-0926, 732-200-1880, and 860-509-0926.

31.     Upon information and belief, each time Defendants would call Plaintiff they falsely represented themselves as Credit One.

32.     On or about July 30, 2019, at 3:23 p.m., Plaintiff missed a call from (877) 825-3242 and called the number back and spoke with one of the Defendants representatives.

33.     One of the Defendants representatives informed Plaintiff that it was attempting to collect a debt relating to his Credit One account.

34.     During the call, Plaintiff unequivocally revoked consent to be called any further. Plaintiff informed Defendants that he recently went through a divorce and was unable to make a payment and requested that any further communication from

Defendants to his cellular phone cease.

35. Despite Plaintiff's request not to be contacted on his cellular phone any further, Defendants continued to contact Plaintiff with calls to his cellular telephone multiple times a day for almost six (6) months.

36. Between July 30, 2019, and February 19, 2020, Defendants called Plaintiff no less than **SEVEN-HUNDRED AND THREE (703)** times, with Defendants calling Plaintiff five (5) to seven (7) times a day and occasionally up to eight (8) times in one day. On one occasion, Defendants called Plaintiff ten (10) times in one day.

37. Upon information and belief, out of the **SEVEN-HUNDRED AND THREE (703)** phone calls placed to Plaintiff's cellular telephone, Defendant First Contact placed **FIVE HUNDRED AND SIXTY-ONE (561)** of the calls and Defendant GC placed **ONE HUNDRED AND FORTY-TWO (142)** of the calls.

38. Defendants' calls were excessive and done with the purpose of attempting to harass Plaintiff into making a payment on the Account. Furthermore, Defendants' tactic of switching amongst a myriad of phone numbers was done in order to trick Plaintiff into answering the calls.

39. Defendants were aware that Plaintiff was dealing with financial issues, but willfully ignored his situation and his request for Defendants to stop their campaign of harassing phone calls.

40. Upon information and belief, Defendants placed the collection calls on behalf of Credit One, posing to be Credit One and hiding their true identity.

41. Defendants misrepresented and deceived Plaintiff as to their identity.

42. Defendants placed telephone calls to Plaintiff without a meaningful disclosure as to their identity.

43. Upon information and belief, Defendants intentionally and knowingly refrain from disclosing their true identity so as to try and avoid the requirements of the FDCPA.

44. Upon information and belief, Defendants are in the business of collecting debts owed or due or asserted to be owed or due another.

45. Defendants' conduct was done willfully and knowingly.

46. Upon information and belief, Defendants were calling third parties, including friends and family, to coerce Plaintiff to make a payment on the Account.

47. Defendants' barrage of calls to Plaintiff's cellphone caused constant disruption and distraction to his daily life, as well as embarrassment and humiliation because his phone would ring constantly while he was with family and friends.

48. As a result of Defendants' conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

//

## COUNT I
### All Defendants
### Violations of the TCPA, 47 U.S.C. § 227

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. Defendants violated the TCPA. Defendants' violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendants knowing and/or willfully violated the TCPA.

//

51. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendants knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
**All Defendants**
**(FDCPA 15 U.S.C. § 1692 *et. seq.*)**

52. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

53. The FDCPA prohibits the "use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. § 1692e(14).

54. The FDCPA also requires that in its initial communication with a consumer, a debt collector disclose that the "debt collector is attempting to collect a debt and that any information obtained will be used for that purpose …." 15 U.S.C.A. § 1692e(11). *See* Costa v. Nat'l Action Fin. Servs., 634 F. Supp. 2d 1069, 1075 (E.D. Cal. 2007) (citing Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F. Supp. 2d 1104, 1112 (C.D. Cal. 2005) finding "'meaningful disclosure' presumably requires that the caller must state his or her name and capacity, and disclose enough information

so as not to mislead the recipient as to the purpose of the call or the reason the questions are being asked.")

55. Defendants violated 15 U.S.C. § 1692e(14) and 15 U.S.C. § 1692e(11) each time they contacted Plaintiff because they failed to truthfully and correctly identify themselves. The Defendants did not inform Plaintiff that they were collecting the alleged debt *on behalf* of Credit One, they identified themselves *as* Credit One.

56. Additionally, the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C.A. § 1692d.

57. The Defendants incessantly called Plaintiff despite the clear revocation of his consent. The frequency of the phone calls is violative of the FDCPA on its own.

58. Defendants' actions, as described above, were done willfully and intentionally.

59. As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

//

//

//

## COUNT III
### All Defendants
### Invasion of Privacy
### (Intrusion upon Seclusion)

60. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

61. Defendants violated Plaintiff's privacy. Defendants' violations include, but are not limited to, the following:

   a. Defendants intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite requests for the calls to cease.

   b. Defendants' conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

   c. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

62. As a result of Defendants' violations of Plaintiff's privacy, Defendants are liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against Defendants for the following:

   A. Declaratory judgment that Defendants violated the TCPA and FDCPA;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

D. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

E. Actual and punitive damages for intruding upon Plaintiff's seclusion;

F. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. 1692k(3);

G. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

PRICE LAW GROUP, APC

Date: September 3, 2021

By: */s/David Chami*
David A. Chami, AZ #027585
PRICE LAW GROUP, APC
8245 North 85th Way
Scottsdale, AZ 85258
T: 818-600-5515
F: 818-600-5415
david@pricelawgroup.com
*Attorneys for Plaintiff*
*Patrick Merritt*