**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| PATRICK MERRITT, ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:21-cv-02391-WJM-NRN |
| ) | |
| v. ) | Judge William J. Martinez |
| ) | |
| FIRST CONTACT LLC and ) | Magistrate Judge N. Reid Neureiter |
| GC SERVICES, LP, ) | |
| ) | |
| Defendants. ) | |

## **DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS**

Defendants First Contact LLC ("First Contact") and GC Services, Limited Partnership ("GC Services") (collectively "Defendants"), by counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully move to dismiss Counts I and II of Plaintiff's Third Amended Complaint ("Am. Compl"). In support of this Motion, Defendants state as follows:

## **D.C.COLO.LCivR 7.1(A) and Practice Standard III.D Certification**

Counsel for Defendants conferred in good faith extensively with Plaintiff's counsel regarding their concerns with the prior iterations of the complaint, as well as this most recent Third Amended Complaint. In response to prior conferrals, Plaintiff indicated he would amend the complaint to address and cure the issues. Plaintiff then filed motions to amend, which Defendants did not oppose. After reviewing and analyzing the Third Amended Complaint, Defendants conferred with Plaintiff's counsel again in advance of filing this Motion. In response to this most recent conferral, Plaintiff, through counsel, simply states he opposes the relief requested.

**INTRODUCTION**

Plaintiff claims that Defendants violated the Telephone Consumer Protection Act ("TCPA") by purportedly calling him on his cell phone using an automatic telephone dialing system ("ATDS") without his consent. Use of an ATDS is an essential element of his TCPA claim and so Plaintiff must plead facts which, if true, would establish that, in fact, Defendants used an ATDS. But Plaintiff ignores this requirement and instead simply asserts he thinks an ATDS was used based on the sheer number of alleged calls placed to him and because he heard a "short pause" when he answered the phone. Yet this completely ignores the legal standard for what constitutes—and what must be pleaded to establish—use of an ATDS as recently confirmed by the Supreme Court.[1]

Plaintiff's claim under the Fair Debt Collection Practices Act ("FDCPA") suffers a similar fate. Plaintiff has failed to plead any facts which, if true, would establish that Defendants are "debt collectors" even subject to the FDCPA—a *prima facie* element of his claim. The FDCPA limits the definition of "debt collector" to only those whose (1) "principal" business purpose is debt collection, or (2) who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Yet Plaintiff pleads no facts that could support a finding either that it is Defendants' "principal" business purpose to collect debts or that Defendants "regularly" seek to collect debts owed to others. Plaintiff simply ignores these elements, hoping the Court will look the other way. Plaintiff's now fourth iteration of his complaint still fails to state a claim.

---

[1] *See Facebook v. Duguid*, 141 S. Ct. 1163, 1173 (2021) (autodialers are devices used to dial random or sequential blocks of numbers automatically, not systems that automatically dial numbers from prepared lists).

Plaintiff's repeated failure to plead essential elements of his TCPA and FDCPA claims, despite being given multiple do-overs, should result—this time—in his claims being dismissed with prejudice.

## STATEMENT OF ALLEGED FACTS

Plaintiff alleges that Defendants placed a series of calls to him between May 2019 and February 2020 in an attempt to collect money he owed to Credit One. (Am. Compl. ¶¶ 28, 33, 40.) Plaintiff alleges he would sometimes answer the calls and would hear a "short pause" before someone would speak which, he alleges, indicates "the use of an automated telephone dialing system." (Am. Compl. ¶ 42.) Plaintiff also alleges that Defendants would sometimes call him multiple times in the same day, somehow indicating the "use of a random or sequential number generator." (Am. Compl. ¶ 43.) On May 19, 2020, Plaintiff sued Does 1-5 in federal court in Nevada. (Am. Compl. ¶ 16.) The court dismissed the case *sua sponte*, disapproving of naming fictitious defendants. (Am. Compl. ¶ 18.) In July 2020, Plaintiff then sued Credit One, who moved to dismiss and to compel arbitration. (Am. Compl. ¶¶ 19, 21.) The court compelled the parties to arbitration in September 2020. (Am. Compl. ¶ 22.)

In December 2020, Plaintiff and Credit One agreed to stay the arbitration proceedings pending the ruling from the Supreme Court in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, apparently agreeing that it would be dispositive of Plaintiff's TCPA claim. (Am. Compl. ¶ 25.) Plaintiff alleges he first learned the identities of Defendants after the stay was lifted and when Credit One provided its initial document exchange in July 2021. (Am. Compl. ¶ 27.) Plaintiff then filed his original complaint in this action on September 3, 2021 (Dkt. 1); his first amended complaint on September 16, 2021 (Dkt. 9); his second amended

complaint on October 21, 2021 (Dkt. 27); and now his third amended complaint on November 5, 2021 (Dkt. 34.)

## ARGUMENT

When deciding a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court should disregard any legal conclusions and generally accept factual allegations as true; however, the Court need not accept as true unsupported conclusions, unsupported inferences, nor "threadbare recitals of elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's well-pleaded allegations must "raise a right to relief above the speculative level" and state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**I.      Plaintiff's TCPA Claim (Count I) Should Be Dismissed.**

To properly plead a claim under the TCPA, a plaintiff must allege that: "(1) the defendant called a cellular telephone; (2) using an automatic telephone dialing system [ATDS]; (3) without the recipient's prior express consent." 47 U.S.C. § 227(b)(1)(A); *Rallo v. Palmer Admin. Svcs., Inc.*, 2019 WL 1468411, at *2 (D. Colo. Apr. 3, 2019). An ATDS is defined under the TCPA as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *See* 47 U.S.C. § 227(a)(1).

In *Facebook v. Duguid*, 141 S. Ct. 1163 (2021)—decided at the pleadings stage—the Supreme Court answered the critical question directly and definitively: actual *use* of a random or sequential number generator is a necessary element of any TCPA claim that a party must plead. *Id*. at 1170 ("In sum, Congress' definition of an autodialer requires that in all cases, whether storing or producing numbers to be called, the equipment in question

4

must *use* a random or sequential number generator.") (emphasis added). That is, a device that "neither stores nor produces numbers 'using a random or sequential number generator'" is not an ATDS. *Id*. at 1169. *See also Montanex v. Future Vision Brain Bank, LLC*, 2021 WL 1697928, at *7 (D. Colo. Apr. 29, 2021) (citing *Facebook* and explaining that "it is critical that a random or sequential number generator be utilized to constitute an ATDS").

Here, Plaintiff's Complaint fails to make a single allegation that a "random or sequential number generator" was used to generate and dial his number and is thus devoid of any facts on an essential element of his claim. Instead, Plaintiff only pleads that he thinks an ATDS might have been used solely on the basis that he heard a "short pause" when he happened to answer the phone and that Defendants sometimes called him "multiple times in the same day." (Am. Compl. ¶¶ 42, 43.) That's it. As numerous courts have held, these kinds of allegations are now insufficient to state a claim under the TCPA following *Facebook*. *See, e.g., Hufnus v. DoNotPay, Inc*., 2021 WL 2585488, at *1 (N.D. Cal. June 24, 2021) (finding that a platform that "only contacts phone numbers specifically provided by consumers" and not "phone numbers identified in a random or sequential fashion" does not qualify as an ATDS); *Watts v. Emergency Twenty Four, Inc*., 2021 WL 2529613, at *1, *3 (N.D. Ill. June 21, 2021) (granting motion to dismiss as facts failed to support inference that system used to make calls randomly or sequentially generated numbers); *Franco v. Alorica Inc.,* 2021 WL 3812872, *3 (C.D. Cal. July 27, 2021) (same); *Barry v. Ally Financial, Inc*., 2021 WL 2936636, *5 (E.D. Mich. July 13, 2021) (same). Plaintiff's allegation of a "pause" or multiple calls within a day in no way speaks to the generation or creation of any random or sequential numbers, which must be pleaded in order for Plaintiff's claim to survive.

As many courts have observed, "even though a plaintiff will rarely, if ever, know the specific functionality of a system used by a defendant before discovery, the plaintiff must still allege sufficient facts to nudge his claim across the line from conceivable to plausible." *Watts*, 2021 WL 2529613, at *4 (N.D. Ill. June 21, 2021). Without any factual basis in the pleadings to support the mere speculative possibility that an ATDS may have been used, Plaintiff fails to satisfy *Twombly*, which limits claimants to *plausible* claims, not just *possible* ones.

And it would be absurd and implausible to think that Defendants' systems were even used to randomly or sequentially generate Plaintiff's phone number. Here, Plaintiff pleads that he owed a debt to Credit One, that Credit One conveyed his number to Defendants, and that Defendants were calling seeking to collect that debt owed. "It would be wildly implausible for [Defendants] to randomly or sequentially generate phone numbers in the hopes of reaching the Plaintiff-debtor." *Franco*, 2021 WL 3812872, at *3. That would take a sheer lever of totally implausible fortuity.

Plaintiff has thus failed to plead facts in support of an essential element of his TCPA claim and it should be dismissed, this time with prejudice.[2]

---

[2] Plaintiff in passing also states that, "upon information and belief," Defendants may have also used an artificial or prerecorded voice to contact him. (Am. Compl. ¶ 44.) But Plaintiff fails to plead any facts involving or alleging an artificial or prerecorded voice and his complaint only makes passing reference to these alternative grounds by quoting the statute. There are zero factual allegations. This is clearly insufficient to support this alternative ground for relief as it simply parrots the language of the statute and thus cannot pass muster under *Iqbal* and *Twombly*. *See Rallo*, 2019 WL 1468411, at *3 (recommending dismissal of complaint alleging defendant used an artificial or prerecorded voice because such allegation is simply a legal conclusion and formulaic recitation of the elements of the cause of action and not entitled to the presumption of truth). And in fact the allegations actually pleaded contradict that there was any prerecorded voice. *See Compl.*, ¶ 42 (pleading that each time he answered a call from Defendants he would hear a "short pause" before one of Defendants' agents would begin speaking to him)

6

## II.     Plaintiff Fails to Plead Elements Essential to His FDCPA Claim (Count II).

Whether a defendant is a debt collector is a threshold question for pleading a cognizable claim under the FDCPA. *James v. Wadas*, 724 F.3d 1312, 1314 (10th Cir. 2013). And under the FDCPA, a "debt collector" only refers to (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," or (2) "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Plaintiff fails to plead any facts which, if true, would establish either of these elements.

First, Plaintiff does not even mention, must less plead facts that would establish, either of the Defendants' "principal" business purpose. So he must only be proceeding under the second definition: that Defendants "regularly" seek to collect debts owed to others. Yet his contentions are entirely conclusory. For instance, Plaintiff pleads that:

- "Defendants are a 'debt collector' [sic] as defined by 15 U.S.C. § 1692a(6);"
- "Defendants are call center debt collectors;"
- "Upon information and belief, Defendants regularly collect debt on behalf of original creditors."

(Am. Compl. ¶¶ 10, 11, 12, 14.) But these allegations simply parrot the language of the statute. Plaintiff repeats the same core and conclusory allegation that "Defendants are debt collectors" throughout the pleading, apparently hoping that sheer repetition of the same formulaic recitation will be construed as somehow asserting well-pleaded facts. This is precisely the kind of formulaic recitation of the elements of a cause of action and bare allegations that, under *Iqbal* and *Twombly*, are insufficient to state a claim. *See Cook v. Hamrick*, 278 F. Supp. 2d 1202, 1205 (D. Colo. 2003) (granting motion to dismiss FDCPA

7

claim because complaint simply "parrots" the language of the statute and offers no factual basis to conclude whether defendant "regularly" seeks to collect debts owed to others); *Montoya v. O'Friel*, 2017 WL 5891757, at *6 (D.N.M. Nov. 27, 2017) ("quotations from the statutory definition are insufficient to satisfy the [12(b)(6)] pleading requirements").

And of course Plaintiff's allegations as to Defendants' specific interactions with him in no way could establish Defendants' principal business purpose or what their regular business practices are. The FDCPA defines "debt collector" not based on a defendant's actions with respect to any specific plaintiff regarding any specific account in any particular case, but only with respect to its business generally. In other words, a party is not considered a "debt collector" if the collection of debts is merely some or a part of that party's business. *See Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1317 (11th Cir. 2015); *Skinner v. LVNV Funding, LLC*, 2018 WL 319320, at *3 (N.D. Ill. Jan. 8, 2018) (party is not a debt collector if only some of its business is debt collection). *See also Garrett v. Derbes*, 110 F.3d 317, 318 (5th Cir. 1997) ("[I]f the volume of a person's debt collection services is great enough, it is irrelevant that these services only amount to a small fraction of his total business activity; the person still renders them 'regularly.'").

And whether a party "regularly" collects debts "is determined, of course, by the volume or frequency of its debt-collection activities." *Hester v. Graham, Bright & Smith, P.C.*, 289 Fed. Appx. 35, 41 (5th Cir. 2008) (quoting *Brown v. Morris*, 243 Fed. Appx. 31, 35 (5th Cir. 2007).) In assessing whether one "regularly" collects debts owed to another, courts thus look to see if there are allegations relating to the overall number of debt collection communications issued and lawsuits filed across the line of business (not with respect to any single account); the percentage of time debt collection activities consume; the number

8

of creditor clients and the length of the firm's relationship with them; whether the entity has personnel specifically assigned to work on debt collection; whether the entity has systems or contractors in place to facilitate such activity; and what role debt collection plays in the overall business model of the entity, among others. *See, e.g., Wadas*, 724 F.3d at 1317-18; *Reyes v. Steeg Law, LLC*, 760 Fed. Appx. 285, 287 (5th Cir. 2019); *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Berlotti*, 374 F.3d 56, 62-63 (2d Cir. 2004). Nothing in Plaintiff's Third Amended Complaint speaks to any of these factors. Alleging that Credit One assigned Plaintiff's account to Defendants for collection, even if true, of course in no way could establish Defendants' principal business purpose or its regularly-conducted business activities. *See, e.g., MTGLQ Investors, LP v. Wellington*, 2018 WL 1997294, at *6(D.N.M. Apr. 27, 2018) (dismissing FDCPA claim because complaint failed to allege any "proportion or percentage" of defendant's operations in debt collection activities or other facts pointing to its principal business purpose or "regular" business activity). Plaintiff has thus failed to plead a cognizable FDCPA claim and it should be dismissed. *See Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1209 (9th Cir. 2013) (affirming dismissal of FDCPA claim because complaint fails to allege facts as to defendant's overall business purpose and its regular business practices; instead complaint only alleges that debt collection is some part of its business, which is insufficient to state a claim under the FDCPA).

## **CONCLUSION**

For the foregoing reasons, Defendants Fist Contact LLC and GC Services, Limited Partnership respectfully request that the Court enter an order dismissing Counts I and II of Plaintiff's Third Amended Complaint with prejudice, and provide any other and further relief the Court deems just and proper.

9

                                Respectfully submitted,

                                FIRST CONTACT LLC

                                By: /s/ Matthew O. Stromquist

Matthew Stromquist
Pilgrim Christakis LLP
321 North Clark Street, 26th Floor
Chicago, Illinois 60654
Phone: (312) 361-3457
Fax: (312) 939-0983
mstromquist@pilgrimchristakis.com

                                GC SERVICES, Limited Partnership

                                By: /s/ Janeen V. Isaacson (with consent)

Janeen V. Isaacson
Lipson Neilson P.C.
102 S. Tejon Street, Suite 1100
Colorado Springs, CO 80903
Phone: (720) 601-8008
jisaacson@lipsonneilson.com

10

**CERTIFICATE OF SERVICE**

Matthew O. Stromquist, an attorney, certifies that on November 19, 2021, he electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Matthew O. Stromquist